UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LMG FIREARMS, LLC<br>18 Locust St<br>Milford, OH 45150<br><br>      Petitioner,<br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO,<br>FIREARMS AND EXPLOSIVES,<br>U.S. Department of Justice<br>600 Army Navy Drive<br>Arlington, VA 22202,<br><br>      Respondent. | Case No.<br><br>Judge<br><br>PETITION FOR JUDICIAL REVIEW OF REVOCATION OF FEDERAL FIREARMS LICENSE PURSUANT TO 18 U.S.C. § 923(f)(3) |

COMES NOW Petitioner, LMG Firearms, LLC ("Petitioner" or "LMG"), by and through its undersigned counsel, pursuant to 18 U.S.C. § 923(f)(3), and respectfully petitions this Honorable Court for judicial review of the final administrative decision by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF" or "Respondent") revoking Petitioner's Federal Firearms License ("FFL"), License Number 4-31-025-07-6H-03410. In support of this Petition, LMG alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 18 U.S.C. § 923(f)(3), which provides that a licensee whose federal firearms license has been revoked may, within sixty (60) days after receipt of a final notice of revocation, file a petition for judicial review in the United States District Court for the district in which the licensee resides or has its principal place of business.

1

2. Venue is proper in the Southern District of Ohio, Western Division, as Petitioner's principal place of business is located at 18 Locust St, Milford, OH 45150, within Clermont County, Ohio, which lies within the jurisdiction of this Court.

## PARTIES

3. Petitioner LMG Firearms, LLC is a limited liability company organized under the laws of the State of Ohio, with its principal place of business at 18 Locust St, Milford, OH 45150. Until the revocation at issue, LMG held a Federal Firearms License as a Manufacturer in Firearms Other Than Destructive Devices, issued by the ATF under License Number 4-31-025-07-6H-03410.

4. Respondent Bureau of Alcohol, Tobacco, Firearms and Explosives is an agency of the United States Department of Justice responsible for the administration and enforcement of the Gun Control Act of 1968 ("GCA"), as amended, 18 U.S.C. Chapter 44, and its implementing regulations under 27 C.F.R. Part 478.

## FACTUAL BACKGROUND

5. LMG has operated as a federally licensed firearms manufacturer since at least 2011, during which time it underwent multiple compliance inspections by the ATF.

6. On May 23, 2023, the ATF initiated a compliance inspection of LMG's operations, which resulted in the identification of alleged violations of the GCA and its regulations.

7. On November 27, 2023, the ATF issued a Notice to Revoke or Suspend License and/or Impose a Civil Fine (ATF Form 4500) to LMG, asserting that LMG had willfully violated provisions of the GCA.

8. LMG timely requested a hearing pursuant to 18 U.S.C. § 923(f)(2) on December 6, 2023, which was held on May 21, 2024, at the ATF Cincinnati Field Office and via Microsoft TEAMS.

9. On January 15, 2025, John Curtis, Director of Industry Operations ("DIO") for the ATF, issued a Final Notice of Denial of Application, Revocation, Suspension and/or Fine of Firearms License (ATF Form 5300.13), revoking LMG's FFL effective February 16, 2025. A copy of the Final Notice and accompanying findings and conclusions is attached hereto as Exhibit A.

10. The Final Notice alleged that LMG willfully violated the GCA based on four specific violations identified as Counts 1, 5, 7, and 8 in the administrative record, including: (a) failure to timely respond to a National Tracing Center request; (b) failure to retain ATF Forms 4473 at the licensed premises; (c) transferring firearms without proper National Instant Criminal Background Check System ("NICS") checks; and (d) making false entries on ATF Forms 4473.

11. LMG received the Final Notice on or about January 15, 2025, via certified mail (Tracking Number: 15840710 5470 4133405305).

12. This Petition is filed within the sixty (60) day period prescribed by 18 U.S.C. § 923(f)(3), as today's date, March 13, 2025, is within said period.

## LEGAL STANDARD

13. Under 18 U.S.C. § 923(e), the ATF may revoke a federal firearms license if the licensee has willfully violated any provision of the GCA or its implementing regulations.

14. Judicial review under 18 U.S.C. § 923(f)(3) is de novo, and this Court is not bound by the ATF's findings or conclusions. The Court may consider any evidence submitted by the parties, whether or not such evidence was part of the administrative record. See, e.g., Stein's Inc. v. Blumenthal, 649 F.2d 463, 466 (7th Cir. 1980).

15. A violation is "willful" under the GCA only if the licensee knew of its legal obligations and either purposefully disregarded or was plainly indifferent to them. See, e.g., Appalachian Res. Dev. Corp. v. McCabe, 387 F.3d 461, 464 (6th Cir. 2004).

## GROUNDS FOR RELIEF

16. The ATF's revocation of LMG's FFL was arbitrary, capricious, and not supported by substantial evidence, as the alleged violations do not meet the legal standard of "willfulness" required under 18 U.S.C. § 923(e).

17. Count 1 – Failure to Timely Respond to Trace Request: The ATF found that LMG failed to respond within 24 hours to a National Tracing Center request on March 17, 2023, due to records being damaged in a flood at an off-site location. LMG contends this was an inadvertent error caused by unforeseen circumstances, not a purposeful disregard or plain indifference to its obligations. LMG's history of complying with prior trace requests demonstrates its intent to comply, negating any finding of willfulness.

18. Count 5 – Failure to Retain ATF Forms 4473 at Licensed Premises: The ATF alleged that LMG willfully failed to retain records on-site between September 5, 2019, and August 4, 2020. LMG asserts that this was an unintentional oversight due to logistical challenges, including a move and subsequent misplacement of records, and

4

not a deliberate violation. LMG's efforts to recover and provide the records to ATF further undermine any claim of willful misconduct.

19. Count 7 – Transfer of Firearms Without Proper NICS Checks: The ATF cited three instances where firearms were allegedly transferred without valid NICS checks. LMG disputes the ATF's interpretation of the evidence, asserting that clerical errors in recording NICS transaction numbers, rather than intentional bypass of the NICS process, caused these discrepancies. Such errors do not rise to the level of purposeful disregard or plain indifference, especially given LMG's demonstrated knowledge and general compliance with NICS requirements.

20. Count 8 – False Entries on ATF Forms 4473: The ATF found that LMG made false entries regarding NICS transaction numbers in two instances. LMG maintains that these were unintentional mistakes made under time pressure and a busy work environment, not deliberate falsifications. The absence of intent to deceive or conceal undermines the ATF's finding of willfulness.

21. LMG further asserts that its compliance history—including multiple prior inspections where violations were addressed and corrected—demonstrates a good-faith effort to adhere to GCA requirements. The ATF's reliance on isolated incidents, rather than a pattern of reckless or intentional misconduct, does not justify the extreme remedy of revocation.

22. The ATF's decision fails to adequately consider mitigating factors, such as LMG's cooperation during the inspection process, its attempts to rectify errors, and the lack of evidence showing harm to public safety resulting from the alleged violations.

**REQUEST FOR RELIEF**

WHEREFORE, Petitioner LMG Firearms, LLC respectfully requests that this Honorable Court:

a. Conduct a de novo review of the ATF's decision to revoke LMG's Federal Firearms License, License Number 4-31-025-07-6H-03410;

b. Vacate the ATF's Final Notice of Revocation dated January 15, 2025, effective February 16, 2025, on the grounds that the alleged violations were not willful under 18 U.S.C. § 923(e);

c. Order the reinstatement of LMG's Federal Firearms License;

d. Grant a stay of the revocation pending the outcome of this judicial review, pursuant to LMG's request to the Director of Industry Operations, to allow continued lawful operations;

e. Award Petitioner its costs and reasonable attorney's fees as permitted by law; and

f. Grant such other and further relief as the Court deems just and proper.

### NOTICE OF INTENT TO SUBMIT ADDITIONAL EVIDENCE

Petitioner intends to submit additional evidence, including affidavits from Matthew Hardoerfer and Rikki Hardoerfer, as well as documentation of LMG's compliance efforts and operational context, to supplement the administrative record during this de novo review.

DATED: March 13, 2025

> Respectfully submitted,
>
> */s/ Zachary Gottesman*
> Zachary Gottesman, Esq.
> Gottesman & Associates, LLC
> 9200 Montgomery Road,

Bldg. E, Ste. 18B
Cincinnati, Ohio 45242
Phone: 513/651-2121
*Counsel for Petitioner LMG Firearms, LLC*